

**IT IS ORDERED as set forth below:**

Date:  February 10, 2017

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| DONALD GERALD JONES, | : | 16-12590-WHD |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

**<u>ORDER</u>**

Before the Court is the Motion to Vacate Order filed, *pro se*, by Donald Gerald Jones (hereinafter the "Debtor") in the above-styled bankruptcy case.  The Debtor requests that the Court vacate its prior Order (Doc. No. 24) denying the Debtor's Motion to Extend the Stay.  This is a core proceeding over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 157, 1334.

The Debtor filed the instant case on December 22, 2016. As this is the Debtor's second case in a calendar year, he filed a motion to extend the stay as to Caliber Home Loans, Inc. (hereinafter "Caliber"), on January 4, 2017. *See generally* 11 U.S.C. § 362(c)(3) (providing that in situations in which the debtor has had one prior case in the last year, the automatic stay will expire after 30 days unless the court orders otherwise after "notice and a hearing completed before the expiration of the 30-day period").

On review of the Debtor's motion, the Court determined that there was no indication that the Debtor had served his motion on any party. Consequently, on January 10, 2017, the Court ordered the following: "[O]n or before January 19, 2017, the Debtor shall serve his motion upon the Chapter 13 Trustee and Caliber Home Loans, Inc., complying with the requirements of Rule 7004, and submit a certificate of service to the Court showing that such service has been made." (Doc. No. 21, at 3). The Debtor was warned that failure to serve the motion in accordance with the Rules and the Court's Order would subject his motion to dismissal for failure to prosecute. (*Id.*). On January 23, 2017, the Debtor filed a certificate of service showing that he served the motion on the Chapter 13 Trustee and Caliber on January 19, 2017.

2

On January 24, 2017, the Court entered an order denying the Debtor's motion for want of prosecution, as the Debtor had failed to file the certificate of service within the time allowed by the Court's January 10th Order.  On January 30, 2017, the Debtor filed the instant motion seeking to have the January 24th Order vacated.  The Debtor asserts that he was not aware that the instruction to file the certificate with the Court by January 19th meant that the Court must have the document in its possession by that date.  The Debtor believed that placing the certificate in the mail on the 19th was sufficient.

Though the Debtor does not cite any authority for his motion, the Court assumes that he is seeking relief under Federal Rule of Civil Procedure 60(b), which applies to bankruptcy cases by operation of Federal Rule of Bankruptcy Procedure 9024.  *See* Fed. R. Bankr. P. 9024.  Rule 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Because "[r]elief under Rule 60(b)(6) is available only 'upon a showing of exceptional circumstances,'" the Court concludes that the Debtor is seeking relief under (b)(1) for excusable neglect

3

because the Debtor was unaware that a filing with the Court is not completed on mailing. *Allen v. Dockery*, 295 F. App'x 335, 338 (11th Cir. 2008) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

Analyzing the term "excusable neglect" in the context of Rule 9006(b), the Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, has held that "the determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court singled out four factors to which courts should give particular attention: "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See id.*; *see also* 10 COLLIER ON BANKRUPTCY § 9024.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (footnote omitted) ("The cases interpreting 'excusable neglect' adopt the standard enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*….")

In the instant case, the Court finds that the Debtor's failure to file the

certificate of service by the deadline in the Court's January 10th Order does not constitute excusable neglect. The Court does so primarily due to considerations of the third "*Pioneer*" factor: the reason for the delay. In *Pioneer*, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." 507 U.S. at 392; *see also Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) (per curiam). Even an individual proceeding *pro se* is expected to know and abide by the rules. *See generally Pullen v. Love (In re Pullen)*, 2013 WL 6000568, at *2 (Bankr. N.D. Ga. Oct. 10, 2013) (Diehl, J.) ("[P]*ro se* litigants are not excused from complying with the Federal Rules of Bankruptcy Procedure or the Court's local rules."). Consequently, the Court cannot conclude that misapprehension of what it means to "file" a document with the Court is an excusable error. *See generally In re Wallace*, 277 B.R. 351, 352 (Bankr. N.D. Ohio 2001) ("[I]t is clear that the Bankruptcy Rules use the word 'file' to denote turning a document over to the court….").

As the Court finds that the Debtor's failure to file the certificate of service by the deadline established in the Court's order was not "excusable neglect," the Debtor's Motion to Vacate Order is **DENIED**.

The Clerk is **DIRECTED** to serve this Order on the Debtor, Caliber, and the Chapter 13 Trustee.

**END OF DOCUMENT**